[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 14, 1997 Date of Application February 11, 1997 Date Application Filed February 11, 1997 Date of Decision November 24, 1998
Application for review of sentence imposed by the Superior Court, G.A. #17 at Bristol.
Docket Nos. CR 96-95455;
Audrey Porzio Esq., Defense Counsel, for Petitioner
Brian Preleski, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
The petitioner, then 37 years old, pleaded guilty to CT Page 241 Unlawful Restraint, 1st degree, in violation of Connecticut General Statutes § 53a-95 and Illegal dispensing of a controlled drug in violation of Connecticut General Statutes § 21a-277a.
His plea agreement called for a cap of 5 years on the incarceration portion of his sentence. He was sentenced to 5 years on the unlawful restraint count and a concurrent sentence of 12 years, execution suspended after 5 years, with probation for 3 years on the drug count, for a total effective sentence of 12 years, execution suspended after 5 years with the probationary term.
In summary the petitioner had been forcing his wife to take his prescribed medication which included percoset, phenobarbital and blood pressure medication in order to keep her sedated so she would not leave the house. The victim reported this to the police when they responded to a report of a possible domestic dispute. The victim reported the petitioner would examine the inside of her mouth to verify that she swallowed the medication he forced upon her and that he had been doing so for some two months before she told the police.
Petitioner's counsel argues that he did not understand the charge he was pleading to was unlawful dispensing and that he thought he was pleading to altering a prescription package. Additionally, she argues that the Probation Department did not submit an alternative incarceration plan although one was ordered when the pleas were entered.
We review a sentence pursuant to § 43-28 of the Practice Book to determine whether it is inappropriate or disproportionate in light of the nature of the offense, the character of the petitioner, the protection of the public and the deterrent, rehabilitative, isolotive and denunciatory purposes of a sentence. It is beyond our purview to determine the validity of a conviction.
In this case the petitioner was convicted of the crimes as stated and our review is based on those convictions.
As for the alternative incarceration plan, it was purportedly not done because the petitioner was not eligible for that program. In any event, defense counsel at sentencing raised no objection, but, rather, asked the court for leniency in the CT Page 242 sentence and specifically asked for a sentence of 3 years and 3 months on the executed portion. The pre-sentence report recommended a "substantial jail sentence" without probation on the grounds the petitioner was unsuitable for probation supervision.
The petitioner has approximately 13 prior convictions including Breach of Peace, Resisting Arrest, Reckless Endangerment, Criminal Mischief, Assault and Threatening. He was on probation at the time of the present crimes for a domestic (assault and threatening) involving the same victim.
At sentencing, defense counsel presented psychiatric evidence that the petitioner suffered from bi-polar disorder, had impaired judgment and exhibited violent outbursts. In addition, however, he was a substance abuser — primarily alcohol and cocaine. The petitioner had also been examined pursuant to § 17a-56b by the Department of Mental Health to determine if he should have a diagnostic workup at the Whiting Forensic Institute. The Department of Mental Health concluded he did not require a diagnostic workup but that he should be sentenced in accordance with his conviction. The Court was also provided with a letter from his prior probation officer suggesting non-incarceration type of disposition (in contrast to the recommendation of the writer of the presentence report).
After reviewing all of these matters the sentencing Court imposes the sentence as indicated. At the same time the petitioner's probation was terminated. (He had a one year suspended sentence the time).
This was a serious crime with a severe emotional impact to the victim. She became involved with a battered women's group and sought psychiatric intervention. She was very fearful of the petitioner.
With this background, the sentence imposed was neither inappropriate nor disproportionate when reviewed under the provisions of P.B. § 43-28. It is affirmed.
Klaczak, J.
O'Keefe, J.
Miano, J. CT Page 243
Klaczak, Miano, and O'Keefe, J.s, participated in this decision.